DÍAZ, PETICIONARIO, *v.* FOOTE, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* contra el Hon. Charles E. Foote, Juez de la Corte de Distrito de Mayagüez en procedimiento hipotecario sumarísimo.

No. 259.—Resuelto en febrero 28, 1920.

PROCEDIMIENTO EJECUTIVO HIPOTECARIO—CANCELACIÓN JUDICIAL DE PLAZOS POSTERIORES NO VENCIDOS.—Constituida hipoteca por A a favor de B sobre dos fincas por $1,700 a pagar en cuatro plazos vencederos en 1915, 1916, 1917 y 1918, el acreedor reclamó en procedimiento hipotecario el resto insoluto del primer plazo y la totalidad del segundo, con sus intereses y gastos, montante todo a $793.50. Adjudicadas las fincas al mejor postor C por $875, el marshal pagó los $793.50 reclamados por B reteniendo los $81.50 restantes que quedaron sujetos a embargo trabado por otra persona contra el deudor A. A petición del comprador C la corte ordenó que los plazos vencederos en diciembre de 1917 y 1918 fueran cancelados por extinción de la hipoteca. Apelada dicha orden fué anulada porque no habiéndose entregado al ejecutante el importe total de la venta para que así quedaran pagados proporcionalmente todos los plazos, puesto que el prorrateo huelga cuando es un mismo acreedor el dueño de los plazos posteriores, la deuda no quedó extinguida totalmente.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Angel A. Vázquez.*

El demandado no compareció.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Están sujetos a nuestra revisión los procedimientos originales seguidos en la Corte de Distrito de Mayagüez por Benigno Díaz contra Juan Pagán Díaz, sobre cobro de crédito hipotecario, procedimientos elevados a esta Corte Suprema a virtud de recurso de *certiorari* ejercitado por Benigno Díaz contra el juez de dicha corte para que se declare nula la orden que dictó en 9 de septiembre de 1919 decretando la cancelación de la hipoteca constituída sobre dos fincas rústicas en cuanto garantizaba los dos últimos plazos de dicho crédito hipotecario.

De los procedimientos expresados y de las alegaciones del peticionario resulta que por escritura pública del 11 de agosto de 1915 inscrita en el registro, Juan Pagán Díaz hipotecó a favor de Benigno Díaz dos fincas rústicas para garantizar un préstamo de $1,700, a pagar en partidas de $400 en cada mes de diciembre de los años 1915, 1916 y 1917, y el resto de $500 en igual mes de 1918; que del primer plazo de dicha obligación el deudor no satisfizo $150 y también dejó insolutos los $400 del segundo plazo; que el acreedor reclamó en procedimiento hipotecario el pago de las anteriores cantidades ascendentes a $550 con más $43.50 por intereses de esa suma y $200 por gastos y costas, o sea por un total de $793.50; que las fincas hipotecadas fueron vendidas en pública subasta y adjudicadas al mejor postor Emiliano Pol por la suma de $875, de los cuales entregó el márshal $793.50 al acreedor ejecutante en pago de la suma reclamada, y retuvo el sobrante de $81.50 que quedó sujeto a embargo ordenado por la Corte Municipal de Mayagüez en caso seguido ante dicha corte por Emiliano Pol contra Juan Pagán Díaz, sobre cobro de dinero; que de las fincas subastadas se otorgó escritura de venta a Emiliano Pol en 10 de octubre de 1917; que Emiliano Pol radicó moción en el mismo procedimiento en 3 de septiembre de 1919 con súplica de que en cumplimiento con el artículo 125 de la Ley Hipotecaria

según fué enmendado por la Ley No. 31 de 7 de marzo de 1912, se ordenara que los plazos hipotecarios vencidos en diciembre de los años 1917 y 1918 fueran cancelados en el Registro de la Propiedad de Mayagüez por haberse extinguido la hipoteca que gravaba las fincas rematadas; que a la anterior moción se opuso Benigno Díaz y la corte por orden de 9 de septiembre citado declaró con lugar la moción, invocando los mismos preceptos legales citados por la representación de Emiliano Pol y estableciendo no ser necesario que para ordenar la cancelación de dichos plazos se hubiera procedido a prorratear nuevamente el importe del remate puesto que esos plazos no pertenecían a diferentes personas entre las cuales hubiera de hacerse el prorrateo o distribución para hacerles pago de sus respectivos plazos, sino que el propio demandante ejecutante es dueño de los mismos y a él pertenece íntegramente el importe del remate sin que tenga que distribuirlo con ninguna otra persona.

Esa es la orden cuya nulidad se interesa en el presente recurso de *certiorari*.

El artículo 125 de la Ley Hipotecaria, tal como quedó enmendado por la Ley No. 31 de 7 de marzo de 1912, después de ordenar los trámites que deben seguirse en los casos de que sobre una o varias fincas graviten créditos hipotecarios de varios acreedores y lleguen a venderse o a adjudicarse para el pago al primer acreedor, sin que el valor de lo vendido o adjudicado iguale o no supere al crédito hipotecario que se realiza, establece en su último apartado el siguiente precepto:

"Salvo pacto en contrario, siempre que el pago de un crédito asegurado con hipoteca se dividiere en varios plazos, aún formalizándose documentos endosables o títulos al portador, y cuando en una misma escritura se constituyeren dos o más hipotecas sobre la misma finca, se entenderá que ninguno de dichos plazos o hipotecas tiene preferencia sobre los otros, gozando todos de igual condición jurídica, a los efectos de esta ley. Pero, en el caso de que vendidos judicialmente los bienes gravados, el precio obtenido en la subasta

no cubriese el total de todos los plazos o hipotecas, dicho precio se repartirá a prorrata entre los diversos plazos o acreedores, en proporción al interés de cada uno, y si alguno de los plazos o hipotecas no estuviere vencido, y el comprador de la finca no quisiere consignar la parte de precio correspondiente, adquiriendo la finca con el gravamen, entonces se hará constar en el registro de la propiedad, en virtud de mandamiento judicial, la reducción operada en el importe de los créditos no vencidos, conforme a lo anteriormente expresado.''

La ley anteriormente transcrita no ha sido cumplida en el presente caso, puesto que no aparece que el precio por el cual adquirió Pol las fincas hipotecadas se haya repartido a prorrata entre los diversos plazos del crédito en proporción al interés de cada uno de ellos, ni que se haya consignado la parte correspondiente a los plazos no vencidos, a la disposición del dueño de los mismos que es Benigno Díaz; y antes por el contrario, la suma de $81.50 que quedó después de haber sido reintegrado el ejecutante de la suma reclamada, no fué percibida por Díaz sino retenida con motivo de embargo ordenado en otro juicio seguido por el adjudicatario Emiliano Pol, no contra Benigno Díaz, el acreedor, sino contra Juan. Pagán Díaz, el deudor, sobre cobro de dinero.

Como al ejecutante, acreedor de todos los plazos posteriores, no fué entregado todo el precio de la venta para que así quedasen pagados proporcionalmente todos los plazos, la deuda en su totalidad no quedó extinguida y era, por tanto, improcedente la cancelación ordenada.

Entendemos que no es bastante para la cancelación que el comprador entregue todo el precio sino que es necesario que se paguen a prorrata los plazos vencidos, consignándose en su caso la parte de precio correspondiente a los plazos no vencidos, pues el pago es lo que dá lugar a la cancelación y nó la sola entrega al márshal o al secretario. Por supuesto,, que si todo el precio de la venta se hubiera entregado al ejecutante Díaz no hubiera habido necesidad de hacer el prorrateo con el mismo en cuanto a los plazos posteriores, toda vez que él es el dueño de ellos, y no había de practicarse

un prorrateo con él sólo, por lo que la entrega debía entenderse hecha para pagar cada uno de los plazos en la proporción que resultara del prorrateo.

Parece que ni Pol actuó bajo la idea de que todo el precio de la venta debía corresponder a Benigno Díaz para pagarle todos los plazos de su crédito, sino que creyó que el resto después de pagados los plazos vencidos pertenecía al dueño de la finca subastada, Juan Pagán Díaz, como lo demuestra el embargo trabado a instancia de Pol, y que también el acreedor Díaz ha actuado bajo la idea errónea de que la hipoteca debe seguir garantizando los plazos insolutos en su totalidad; pero sean cuales fueren los puntos de vista de las partes, es un hecho que el total de la deuda no ha sido satisfecho en la forma prevenida por la ley y que en su consecuencia la corte de Mayagüez procedió con error al ordenar la cancelación de la hipoteca.

Y dicho error puede ser revisado mediante recurso de *certiorari* pues su causa no ha sido otra que la infracción o falta de cumplimiento de una regla de procedimiento estatuída por la Ley No. 31 de marzo 7, 1912, cuya ley tiene su precedente histórico en la antigua Ley de Enjuiciamiento Civil española. *American Trading Co.* v. *Monserrat*, 19 D. P. R. 987. En ese mismo caso dejamos establecido que el artículo 131 de la Ley Hipotecaria no tiene aplicación cuando el precio de la venta no alcanza a cubrir todos los plazos posteriores con sus intereses.

Por las razones expuestas debe ser anulada la orden de la Corte de Distrito de Mayagüez de 9 de septiembre, 1919, devolviéndose los autos originales a dicha corte para procedimientos no inconsistentes con la presente opinión.

*Anulada la orden apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados del Toro y Aldrey. El Juez Asociado Sr. Wolf disintió.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.